UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                      Case No.   1:10-cr-97-JEC-01

**JEAN-DANIEL PERKINS**

**Defendant's Attorney**
**Gary Spencer**

---

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by jury on Count(s) 1-37 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 1349 | Conspiracy to Commit Bank Fraud | 1 |
| 18 USC § 1344 | Bank Fraud | 2-28 |
| 18 USC § 1349 | Conspiracy to Commit Bank Fraud | 29 |
| 18 USC § 1344 | Bank Fraud | 30-32 |
| 18 USC § 1029(a)(1) and 1029(c)(1)(A)(i) | Trafficking in Counterfeit Access Devices | 33 |
| 18 USC § 1029(a)(3) and 1029(c)(1)(A)(i) | Possession of Counterfeit Access Devices | 34 |
| 18 USC § 1029(a)(4) and 1029(c)(1)(A)(ii) | Possession of Access Device-Making Equipment | 35 |
| 18 USC § 1029(a)(5) and 1029(c)(1)(A)(ii) | Use of Counterfeit Access Devices | 36 |
| 18 USC § 1028A(a)(1) and 1028A(c)(4) | Aggravated Identity Theft | 37 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$3,700** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        XXX-XX-6969        Date of Imposition of Sentence:  2/25/2013

1:10-cr-97-JEC-01 : JEAN-DANIEL PERKINS                                              Page 2 of  7

Defendant's Date of Birth:     1974
Defendant's Mailing Address:
Atlanta, GA

Signed this the 17th day of JULY, 2013.

                                        /s/ Julie E. Carnes
                                        JULIE E. CARNES
                                        CHIEF UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THREE HUNDRED AND THIRTY-SIX (336) MONTHS as to Counts One through Thirty-Two to be served concurrently with each other;  ONE HUNDRED AND TWENTY (120) MONTHS as to Counts Thirty-Three and Thirty-Four  to be served concurrently with each other and concurrently with Counts One through Thirty-Two;  ONE HUNDRED AND EIGHTY (180) MONTHS as to Counts Thirty-Five and Thirty-Six to be served concurrently with each other and concurrently with Counts One through Thirty-Four; and TWENTY-FOUR (24) MONTHS as to Count Thirty-Seven to be served consecutively to Counts One though Thirty-Six;  for a total imprisonment sentence of THREE HUNDRED AND SIXTY (360) MONTHS**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5)  Years as to Counts One through Thirty-Two to be served concurrently with each other; THREE (3) Years as to Counts Thirty-Three through Thirty-Six to be served concurrently with each other and concurrently with Counts One through Thirty-Two; and ONE (1) Year as to Count Thirty-Seven to served concurrently with Counts One through Thirty-Six, for a total term of supervised release of FIVE (5) Years.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

## SPECIAL CONDITIONS

Pursuant to 42 USC Section 14135a(d) and 10 USC Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall not own, possess or have under his control a firearm, dangerous weapon, or other destructive device as defined in 18 USC § 921.

The defendant shall make a full and complete disclosure of his finances and submit to an audit of his financial documents, at the request of the Probation Office.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release at the monthly rate of at least $200, plus 25% of gross income in excess of $2,300 per month.

The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer. The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## RESTITUTION

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.  The restitution shall be paid in full immediately.  The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the **monthly rate** of at least **$200.00, plus 25% of gross income over $2,300 per month.**

The defendant shall make restitution, **jointly and severally with John Sorden**, to the following person(s) in the following amounts:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| American Express<br>ATTN: Arlene Jacobs<br>P.O. Box 26835<br>Tamarac, FL 33320 | $510,509.01 |

1:10-cr-97-JEC-01 : JEAN-DANIEL PERKINS                                                                  Page 7 of  7

**FORFEITURE PROVISION**

It is ordered that all of the Defendant's right, title and interest in the property identified in the Preliminary Order of Forfeiture, dated July 17, 2013, which is hereby incorporated by reference, is forfeited.