IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| | : CRIMINAL ACTION NO. |
| JEAN-DANIEL PERKINS, | : 1:10-CR-97-AT-1 |
| | : |
| DEFENDANT. | : |

## **ORDER**

This case comes before the Court on Defendant Jean-Daniel Perkins's Motion for Indicative Ruling [Doc. 442] and Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603 of the First Step Act [Doc. 443]. The Government filed a response in opposition at the direction of the Court. [Doc. 452].

Mr. Perkins seeks compassionate release due to the COVID-19 pandemic and concerns that his asthma, sleep apnea, weight, and race put him at an increased risk of severe illness. (Mot. for Compassionate Release, Doc. 443 at 15.) After considering the record and applicable authority, and for the reasons that follow, the Court **DENIES** Defendant's Motions.

### I. Background

On June 28, 2011, Mr. Perkins was convicted on 30 counts of bank fraud, 2 counts of conspiracy to commit bank fraud, 4 counts of access device fraud, and 1

count of aggravated identity theft. (Docs. 35, 171.) Mr. Perkins was sentence to 360 months imprisonment followed by 5 years of supervisory release. (Doc. 311 at 3–4.) At the time he filed his motions Mr. Perkins resided at USP-Atlanta; however, his counsel indicated that he was subsequently transferred to Federal Transfer Center-Oklahoma and the Federal Correctional Complex in Oakdale, Louisiana. (Doc. 447 at 3–4.) His projected release date is July 3, 2036.[1] Mr. Perkins asks the Court to modify his sentence to time-served and/or to order that he serve the remainder of his sentence on home confinement.

Mr. Perkins also has an appeal pending on this Court's prior order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* (Notice of Appeal, Doc. 434.) Because the Eleventh Circuit has jurisdiction over the case while that appeal is pending, Mr. Perkins seeks an indicative ruling from this Court stating that, in the event that the Eleventh Circuit remanded the case to this Court, the Court would grant his motion for compassionate release. (Mot. for Indicative Ruling, Doc. 442.)

II. **Legal Standard**

Before the enactment of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), compassionate release was only available if the Bureau of Prisons ("BOP") filed a motion requesting it. *See* 18 U.S.C. § 3582 (2002); *see also* U.S.S.G. § 1B1.13. The First Step Act, however, enables a defendant to file a motion for compassionate release directly with the sentencing court. Even

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited November 12, 2021).

so, the sentencing court may only consider a defendant's motion if that defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (2018). In short, to take advantage of the provision allowing for compassionate release, an inmate must first exhaust administrative remedies before seeking judicial relief. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (finding that the administrative exhaustion requirement of § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule that prisoners must follow before filing a motion for compassionate release).

Where the exhaustion requirement is satisfied, the First Step Act authorizes a court to modify a term of imprisonment if, "after considering the factors set forth in section 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement is found in § 1B1.13 and the accompanying Application Notes. Section 1B1.13 (the policy statement) provides that a court may reduce a term of imprisonment if, after considering the § 3553(a) factors to the extent applicable, the court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction;…
> (2) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G § 1B1.13. The Application Notes provide further instruction, defining "extraordinary and compelling reasons" as (1) the medical condition of the defendant, (2) the advanced age of the defendant, and (3) the defendant's family circumstances. *Id.* at n. 1(A-C). Specifically, the Application Note explains that "extraordinary and compelling reasons" means:

> (A) <u>Medical Condition of the Defendant</u> –
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
> >
> > (ii) The defendant is –
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> > that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."
>
> (B) <u>Age of the Defendant</u>—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) <u>Family Circumstances</u> —
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) <u>Other Reasons</u>—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*Id.* (emphasis added). As shown immediately above, the Application Note contains a catch-all provision, subsection (D), for other reasons *"[a]s determined by the Director of the Bureau of Prisons." Id.* at n.1(D) (emphasis added).

Recently, in *United States v. Bryant*, the Eleventh Circuit held that § 1B1.13 is an "applicable policy statement that governs all" compassionate release motions brought under § 3582(c)(1)(A). *See* 996 F.3d 1243, 1262 (11th Cir. 2021).[2] Further, under *Bryant*, subsection (D) of the Application Note — the catch-all provision — does not give a court, as opposed to the Director of the BOP, discretion to determine what is an "extraordinary and compelling reason" outside the bounds of the specific reasons outlined in subsections (A) through (C). *Id.* at 1263-64.[3] The burden of proof is on the defendant to establish the extraordinary and compelling reason. *United States v. Heromin*, 2019 WL 2411311 (M.D. Fla. June 7, 2019).

If a district court determines that a defendant has established extraordinary and compelling reasons, and also finds that a reduction or release would be consistent with the policy statement found in § 1B1.13, the court must also consider

---

[2] The Sentencing Commission has not had a quorum appointed since the passage of the First Step Act, which expanded access to compassionate release by allowing defendants to file motions with the sentencing court. Accordingly, the Commission has not been legally authorized to update Section 1B1.13 and therefore, this provision does not reflect any changes in the requirements for compassionate release that Congress may have envisioned based on its enactment of the First Step Act.

[3] Although COVID-19 is not listed as an extraordinary and compelling reason in the policy statement found in § 1B1.13 nor in the Bureau of Prisons' Program Statement, courts have considered COVID-19 in combination with the extraordinary and compelling reasons stated in § 1B1.13 n.1(A-C), including a defendant's medical condition.

whether the applicable § 3553(a) factors weigh in favor of compassionate release. *United States v. Cook*, 998 F.3d 1180, 1183-84 (11th Cir. 2021).

### III. DISCUSSION

### A. Exhaustion

On January 26, 2021, the Court issued an Order stating that Mr. Perkins's motion "contains no information affirmatively demonstrating that [Mr. Perkins] has endeavored to exhaust his administrative remedies within the Bureau of Prisons, consistent with the requirements of 18 U.S.C.§ 3582(c)(1)A." (Docket Order, Jan. 26, 2021.) In light of this fact, the Court advised Mr. Perkins to either "file affirmative evidence demonstrating administrative exhaustion" or "if exhaustion has not occurred or been completed, specify the status of any efforts to exhaust remedies." (*Id.*) Mr. Perkins submitted multiple filings in response to that Order. Along with these filings, he included a copy of an email he sent to the Warden at USP-Atlanta on December 4, 2020 in which he requested an update on the status of his compassionate release request, (Doc. 447-1); a letter from his counsel sent to the Warden at FTC Oklahoma on February 9, 2021 submitting a supplemental application for release on his behalf, (Doc. 447-2); a letter from BOP acknowledging the receipt of his counsel's request, (Doc. 447-3); and a March 1, 2021 letter from the Warden at the Federal Correctional Complex in Oakdale denying his counsel's request, (Doc. 450-1).

The Court subsequently issued an Order indicating that Mr. Perkins "has shown adequate exhaustion efforts" and directing the Government to file a

response to Mr. Perkins's motions. (Order, Doc. 451.) The Government represents that it has no record of a compassionate release request from Mr. Perkins and that he has thus failed to exhaust his administrative remedies. (Gov't's Opp'n, Doc. 452 at 18 n.1). However, the Government acknowledges that the Court already found that Mr. Perkins "has shown adequate exhaustion efforts." (*Id.*) (citing Order, Doc. 451). Under the circumstances, the Court finds that Mr. Perkins has adequately exhausted his administrative remedies, as the Court stated in its prior Order.

### B. Extraordinary and Compelling Reasons

As noted above, under § 1B1.13 and after the Eleventh Circuit's 2021 decision in *Bryant*, extraordinary and compelling factors that may warrant compassionate release include only: (1) medical conditions of the defendant; (2) age of the defendant; (3) family circumstances; and (4) other reasons, as determined by the BOP Director. *Bryant*, 996 F.3d at 1263-64.

Mr. Perkins argues that his medical conditions in combination with the COVID-19 pandemic, place him in grave danger of severe illness from COVID-19 and therefore constitute extraordinary and compelling circumstances consistent with § 1B1.13. For example, Mr. Perkins states that he has asthma, for which he is prescribed two different inhalers, and that he suffers from sleep apnea. (Mot. for Compassionate Release, Doc. 443 at 6.) He also points to medical records indicating that he is 71 inches tall, weighs 196 pounds, and has a Body Mass Index of is 28.94, which he claims places him "in the overweight category." (*Id.* at 6-7.) Finally, he states that he is a black man and that black men disproportionately

7

suffer severe consequences from COVID-19 infections according to multiple studies. (*Id.* at 16.)

The Court is sympathetic to Mr. Perkins's medical conditions as well as the risks inherently posed by COVID-19 in a confined institutional environment. However, Defendant's evidence does not rise to the level of "extraordinary and compelling reasons" under the restrictive interpretation articulated by the Eleventh Circuit in *Bryant*. Mr. Perkins has not alleged that he is suffering a terminal illness. He does not contend that his conditions "substantially diminish" his ability "to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover." U.S.S.G § 1B1.13 at n.1(A). Further, Mr. Perkins is 47 years old, and he has not argued that any particular family circumstances constitute extraordinary and compelling reasons for release. Under *Bryant*, the Court is constrained to consider only the reasons specifically listed in the Sentencing Commission's policy statement, § 1B1.13, as further defined in the accompanying Application Notes.

In short, based on the Court's limited scope of review after *Bryant*, Mr. Perkins fails to establish that any extraordinary and compelling circumstances warrant relief under the governing policy statement. Because Mr. Perkins cannot establish extraordinary and compelling reasons for early release, the Court does

not evaluate the applicable § 3553(a) factors to determine if they weigh in favor of release.[4]

Mr. Perkins separately requests that the Court issue an indicative ruling to alert the Eleventh Circuit that, in the event that his pending appeal were remanded to this Court, the Court would grant his motion for compassionate release. As Mr. Perkins observes, even though he currently has an appeal pending before the Eleventh Circuit — and jurisdiction therefore lies with that court — the Federal Rules of Criminal Procedure still permit a district court to either (1) "defer considering the motion," (2) "deny the motion," or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." (Mot. for Indicative Ruling, Doc. 442 at 1–2) (citing Fed. R. Crim. P. 37(a)). Because the Court has denied Mr. Perkins's motion for compassionate release, his motion for an indicative ruling is therefore moot.

---

[4] The Section 3553(a) factors include:

> (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"
> (2) "the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"
> (3) the sentencing guidelines;
> (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and
> (5) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553 (2018).

## IV. Conclusion

In sum, under the governing legal authority, namely *Bryant*, Mr. Perkins has not established extraordinary and compelling reasons for relief. Accordingly, the Court **DENIES** his Motion for Compassionate Release [Doc. 443].[5] The Court also **DENIES** Mr. Perkins's Motion for Indicative Ruling [Doc. 442] as moot.

**IT IS SO ORDERED** this 15th day of November, 2021.

_____
**Amy Totenberg**
**United States District Judge**

---

[5] In the event there is a change in the law or a major development in Mr. Perkins's medical circumstances, he may file a fresh request for compassionate release with the BOP and, 30 days thereafter, may file a new petition in this Court. The Supreme Court has not yet determined whether to review the Eleventh Circuit's decision in *Bryant*.